Thomas A. Woodley
taw@wmlaborlaw.com
T. Reid Coploff
trc@wmlaborlaw.com
**WOODLEY & McGILLIVARY LLP**
1101 Vermont Avenue
Suite 1000
Washington, DC 20005
Telephone: (202) 833-8855
Facsimile: (202) 452-1090

Christopher E. Platten (SBN 111971)
cplatten@wmprlaw.com
**WYLIE, McBRIDE, PLATTEN & RENNER**
2125 Canoas Garden Avenue, Suite 120
San Jose, California 95125
Telephone: (408) 979-2920
Facsimile: (408) 979-2934

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN McMANUS,<br>TYLER BORN,<br>ALEX CRAIG,<br>JASON CRIPE,<br>VINCENT DILBERTO,<br>WILLIAM FINLEY<br>ZACHARY FOWLER,<br>JONATHAN GOULDING,<br>MIKE GOMES,<br>JEREMY HACKETT,<br>CHARLES HAMPTON,<br>DOMINIC MAGAGNINI,<br>VINCE MILBECK,<br>MICHAEL MILLER,<br>JEFFREY SERPA,<br>JOSEPH SPANI,<br>CHRISTOPHER STEENBURGH,<br>DAVID STEENBURGH,<br>RANDY SULLIVAN,<br><br>    Plaintiffs,<br><br>    v. | Case No.:<br><br>COMPLAINT FOR DECLARATORY JUDGMENT, COMPENSATION, AND OTHER RELIEF UNDER THE FAIR LABOR STANDARDS ACT<br><br>DEMAND FOR JURY TRIAL |

CITY OF CERES, CALIFORNIA,

    Defendant.

# I.

## INTRODUCTION

1.     This action is brought pursuant to the provisions of the Fair Labor Standards Act ("FLSA") 29 U.S.C. sections 201, et seq., to recover from Defendant CITY OF CERES (hereinafter "Defendant") unpaid overtime and other compensation, interest thereon, liquidated damages, costs of suit and reasonable attorneys' fees.

2.     This action arises from Defendant's failure to include all statutorily required forms of compensation in the "regular rate" used to calculate Plaintiffs' overtime compensation.

# II.

## PARTIES

3.     The Plaintiffs are current or former employees of the Defendant, and they bring this action on behalf of themselves and other employees similarly situated. Each of the plaintiffs named herein has given his or her written consent to be a party plaintiff in this action pursuant to 29 U.S.C. § 216(b), which is appended hereto as Exhibit A. These written consent forms set forth each plaintiff's name and intent to be a party to this suit. Should other individuals similarly situated seek to join this action, their consents will be filed with the Court.

4.     Defendant is a political subdivision of the State of California, a "public agency" within 29 U.S.C. § 203(x), and an "employer within 29 U.S.C. § 203(d), and has its principal office and place of business at 2755 Third Street, Ceres, CA 95307.

5.     Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals. Those individuals constitute a well-defined community of interest in the questions of law and fact at issue in this case. The claims of the represented Plaintiffs are typical of the claims of those similarly situated.

## III.

## JURISDICTION

6.     This action is brought pursuant to the provisions of the FLSA, 29 U.S.C. sections 201, *et seq.*, to recover from Defendant unpaid overtime compensation, interest thereon, liquidated damages, costs of suit and reasonable attorneys' fees. This Court has jurisdiction over this action pursuant to 28 U.S.C. section 1331 and 29 U.S.C. section 216(b), because this action is based on the FLSA. This Court has subject matter jurisdiction of this action pursuant to 29 U.S.C. sections 207, *et seq.*

## IV.

## FACTUAL ASSERTIONS

7.     Plaintiffs are, or were, employed by the Defendant within the last three (3) years.

8.   This is an action for a declaratory judgment under 28 U.S.C. §§ 2201 and 2202, and for compensation and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

9.     At all times relevant hereto, Defendant suffered or permitted Plaintiffs and other similarly situated individuals to work hours beyond statutory thresholds for overtime compensation required by the FLSA.

10.     At all times relevant hereto, Defendant impermissibly excluded certain remunerations or undervalued the "regular rate" of pay, upon which all forms of Plaintiffs'

Complaint for Violations of the                                    3
Fair Labor Standards Act

overtime compensation are based, including but not limited to, monetary compensation in lieu of contributing towards Defendant-provided health benefits coverage.

11.     Defendant implemented an illegal compensation computation method, which undercounts Plaintiffs' "regular rate" of pay. Defendant's method of calculating Plaintiffs' "regular rate" of pay results, and has resulted in under-payment for overtime hours worked. Defendant suffered or permitted Plaintiffs to perform overtime work without proper compensation.

12.     Pursuant to 29 U.S.C. section 207(e), the "regular rate" must include all remuneration received by an employee unless it is explicitly excluded. The burden is on an employer to demonstrate that a payment is excludable from the regular rate. (*Idaho Sheet Metal Works, Inc. v. Wirtz,* 383 U.S. 190, 209 (1966); *Klem v. Cnty. Of Santa Clara, Cal.*, 208 F.3d 1085, 1089 (9th Cir. 2000). Defendant's past and current practice of computing Plaintiffs' overtime has impermissibly reduced the amount being paid to Plaintiffs by failing to compute all statutorily required amounts into Plaintiffs' "regular rate" of pay as defined by 29 U.S.C. section 207(e).

13.     Defendant failed to include monetary compensation paid to Plaintiffs, who declined Defendant-provided health insurance, in the "regular rate" used to calculate Plaintiffs' overtime compensation.

14.     As part of the compensation it provided Plaintiffs, Defendant paid Plaintiffs and other similarly situated individuals monetary compensation in lieu of contributing towards Defendant-provided health benefits coverage.

15.     As part of the compensation it provided Plaintiffs, Defendant paid Plaintiffs and other similarly-situated individuals monetary compensation for spending less than the monthly allowance provided towards Defendant-provided health benefits coverage.

16.     In calculating the "regular rate" for the purposes of overtime compensation, Defendant excluded the remunerations it paid Plaintiffs and similarly-situated individuals in lieu of contributions towards medical benefits and for spending less than the monthly allowance provided towards Defendant-provided health benefits coverage.

17.     At all times relevant hereto, Defendant placed no condition on use of these in-lieu payments.

18.     At all times relevant hereto, Defendant treated these payments to Plaintiffs as wages for the purposes of applicable tax withholdings.

19.     Pursuant to 29 U.S.C. section 207(e), Defendant is statutorily required to include all forms of remuneration in Plaintiffs' "regular rate" of pay.

20.     29 U.S.C. section 207(e)(2), which allows employers to exclude from the "regular rate" payments for periods where no work is performed, reasonable payments for traveling expenses or other expenses incurred by employees, and other similar payments which are not made as compensation for employees' work, does not allow Defendant to exclude monetary compensation paid to Plaintiffs, and similarly situated individuals, in lieu of contributions for medical benefits.

21.     The same is true for 29 U.S.C. section 207(e)(4), which allows employers to exclude from the "regular rate" contributions they irrevocably make to a trustee or third person pursuant to a "bona fide plan" for providing health insurance benefits.

22.     The Department of Labor's interpretation of the term "bona fide plan" is set forth in 29 C.F.R. section 778.215(a)(5), which states in part:

> The plan must not give an employee the right to assign his benefits under the plan nor the option to receive any part of the employer's contributions in cash instead of the benefits under the plan:

Provided, however, That if a plan otherwise qualified as a bona fide benefit plan under section 7(e)(4) of the Act, it will still be regarded as a bona fide plan even though it provides, as an incidental part thereof, for the payment to an employee in cash of all or a part of the amount standing to his credit.

23.     In *Flores v. City of San Gabriel,* 824 F.3d 890 (9th Cir. 2016), the Ninth Circuit Court of Appeals held that payments to employees in lieu of health benefits were not excludable from the "regular rate" of pay under either 29 U.S.C. sections 207(e)(2) or (e)(4). With respect to the exclusion codified in section 207(e)(2) and its companion federal regulation, the court noted "Under § 778.224(a), a payment may not be excluded from the "regular rate" of pay pursuant to § 207(e)(2) if it is generally understood as compensation for work, even though the payment is not directly tied to specific hours worked by an employee." (*Id.*) Further, the court held that cash payments in lieu of health benefits are not excludable from the "regular rate" under section 207(e)(4) because those payments do not have to be tied to specific hours of work or non-work.

24.     Because the remunerations paid to Plaintiffs, and similarly situated individuals, in lieu of health benefits were not made for hours of non-work or, on information and belief, made pursuant to a bona benefit plan, they must be included in the "regular rate" of pay for determining overtime compensation as required by the FLSA.

25.     At all times relevant hereto, Defendant through pattern and practice did not include the monetary compensation it provided in lieu of health benefits as well as for spending less than the monthly allowance provided towards Defendant-provided health benefits coverage into the "regular rate" of pay for the purposes of determining overtime compensation as required by the FLSA.

26.     Likewise, Defendant failed to include compensation paid for medical benefits on behalf of Plaintiffs and other similarly situated individuals in the "regular rate" used to calculate their overtime compensation.

27.     Plaintiffs are informed and believe and thereon allege that payments Defendant made for Plaintiffs and other similarly situated individuals' medical benefits were not made pursuant to a "bona fide plan" for the provision of medical benefits within the meaning of 29 U.S.C. section 207(e)(4) and 29 C.F.R. section 778.215.

28.     By excluding these in-lieu payments as well as payments for spending less than the monthly allowance provided towards Defendant-provided health benefits coverage and other forms of compensation from the "regular rate" used to calculate overtime compensation paid to Plaintiffs and other similarly situated individuals, Defendant failed to pay them one and one-half times their "regular rate" of pay for all hours of overtime they worked.

29.     At all times relevant hereto, Defendant and its agents and representatives were aware of their obligations to properly compute and use the correct "regular rate" of pay in calculating overtime compensation owed to Plaintiffs and similarly situated individuals.

30.     Plaintiffs are informed and believe and thereon allege Defendant and its agents and/or representatives willfully and knowingly violated the FLSA by continuing to exclude remunerations from the calculation of Plaintiffs' and similarly situated individuals' "regular rate" of pay.

31.     Defendant's failure to properly compensate Plaintiffs and similarly situated individuals was not in good faith and on reasonable grounds, and is a willful violation of the FLSA as it applies to employees of local governments.

32.     As a result of the foregoing violations of the FLSA alleged herein, Plaintiffs seek damages for lost overtime compensation, as well as liquidated damages. Plaintiffs seek these damages for the entire period of time Defendant has engaged in said unlawful and willful conduct, up to three years as prescribed by the FLSA.

33.     Plaintiffs also seek reasonable attorneys' fees and costs pursuant to 29 U.S.C. section 216(b)

## FIRST COUNT

### (Fair Labor Standards Act - Failure to Pay All Overtime Compensation Earned)

34.     Plaintiffs incorporate by reference each and every paragraph above inclusive as though set forth fully herein.

35.     Defendant suffered or permitted Plaintiffs, and on information and belief other similarly situated individuals, to work overtime but failed to include all required forms of compensation into the "regular rate" of pay used to calculate their overtime compensation.

36.     By failing to include all requisite forms of compensation in the "regular rate" of pay used to calculate overtime compensation, Defendant failed to compensate Plaintiffs and similarly situated individuals at one and one-half times the "regular rate" of pay for all overtime hours as required by the FLSA.

37.     At all times relevant hereto, Defendant and its agents and representatives were aware of their obligations to pay Plaintiffs and similarly situated individuals for all hours worked at one and one-half times the "regular rate" of pay as required by the FLSA.

38.     At all times relevant hereto, Defendant and its agents and representatives knew or should have known of its obligations to pay Plaintiffs and similarly situated individuals overtime

compensation at one and one-half of their regular rate of pay for all hours worked in excess of the applicable maximum weekly hours established by section 207 of the FLSA.

39. At all times relevant hereto Defendant's failure to fully compensate Plaintiffs for all hours worked was not in good faith and on reasonable grounds, and was a willful violation of the FLSA.

40. As a result of the foregoing violations of the FLSA as herein enumerated, Plaintiffs seek damages for three (3) years' back pay of overtime compensation that was earned but unpaid, as well as an equal amount in liquidated damages.

41. Plaintiffs also seek reasonable attorneys' fees and costs pursuant to 29 U.S.C. section 216(b).

## PRAYER

WHEREFORE, Plaintiffs pray judgment as follows:

1. For recovery of unpaid overtime compensation and interest thereon plus an equal amount of liquidated damages for Plaintiffs and all similarly situated individuals pursuant to 29 U.S.C. section 216(b).

2. For a determination that Defendant's conduct was reckless and/or an intentional, knowing, and willful violation of the FLSA, and therefore Plaintiffs are entitled to recover unpaid overtime compensation and liquidated damages under a three (3) year statute of limitations;

3. For reasonable attorneys' fees pursuant to 29 U.S.C. section 216(b);

4. For costs incurred as a result of this proceeding;

5. For injunctive relief ordering the Defendant to cease and desist from engaging in said unlawful conduct, including but not limited to, revisions to applicable compensation policies

to clearly indicate that remuneration paid in lieu of health benefits will be included in the "regular rate" of pay for the purposes of overtime compensation.

6.    For such other and further relief as the court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby respectfully request a trial by jury on all claims presented in this Complaint.

Dated: March 9, 2017                                    Respectfully submitted,


/s/Thomas A. Woodley
Thomas A. Woodley
T. Reid Coploff
WOODLEY & McGILLIVARY LLP
1101 Vermont Ave., N.W.
Suite 1000
Washington, DC 20005
Phone: (202) 833-8855
taw@wmlaborlaw.com
trc@wmlaborlaw.com


/s/Christopher E. Platten
Christopher E. Platten
WYLIE, MCBRIDE, PLATTEN & RENNER
2125 Canoas Garden Avenue, Suite 120
San Jose, California 95125
Telephone: (408) 979-2920
Facsimile:  (408) 979-2934
cplatten@wmprlaw.com

*Attorneys for Plaintiffs*

# Exhibit A

## Consent to Become Plaintiff
## In a Wage and Hour Overtime Lawsuit

I hereby consent to be a party plaintiff in a lawsuit under the Fair Labor Standards Act concerning my employment with the City of Ceres to recover unpaid overtime compensation and other relief.

TYLER BORN
_____
Print Name Clearly

_____
Signature

## Consent to Become Plaintiff
## <u>In a Wage and Hour Overtime Lawsuit</u>

I hereby consent to be a party plaintiff in a lawsuit under the Fair Labor Standards Act concerning my employment with the City of Ceres to recover unpaid overtime compensation and other relief.

ALEX W. Coffle

Print Name Clearly

Signature

## Consent to Become Plaintiff
## <u>In a Wage and Hour Overtime Lawsuit</u>

I hereby consent to be a party plaintiff in a lawsuit under the Fair Labor Standards Act
concerning my employment with the City of Ceres to recover unpaid overtime compensation and
other relief.

Jason Cripe

Print Name Clearly

Signature

## Consent to Become Plaintiff
## In a Wage and Hour Overtime Lawsuit

I hereby consent to be a party plaintiff in a lawsuit under the Fair Labor Standards Act concerning my employment with the City of Ceres to recover unpaid overtime compensation and other relief.

Vincent Diliberto
_____
Print Name Clearly

_____
Signature

## Consent to Become Plaintiff
## In a Wage and Hour Overtime Lawsuit

I hereby consent to be a party plaintiff in a lawsuit under the Fair Labor Standards Act concerning my employment with the City of Ceres to recover unpaid overtime compensation and other relief.

_William Finley_
Print Name Clearly

_William Finley_
Signature

## Consent to Become Plaintiff
## In a Wage and Hour Overtime Lawsuit

I hereby consent to be a party plaintiff in a lawsuit under the Fair Labor Standards Act concerning my employment with the City of Ceres to recover unpaid overtime compensation and other relief.

ZACHARY FOWLER

Print Name Clearly

Signature

## Consent to Become Plaintiff
## In a Wage and Hour Overtime Lawsuit

I hereby consent to be a party plaintiff in a lawsuit under the Fair Labor Standards Act concerning my employment with the City of Ceres to recover unpaid overtime compensation and other relief.

_Mike Gomes_
Print Name Clearly

Signature

## Consent to Become Plaintiff
## <u>In a Wage and Hour Overtime Lawsuit</u>

I hereby consent to be a party plaintiff in a lawsuit under the Fair Labor Standards Act concerning my employment with the City of Ceres to recover unpaid overtime compensation and other relief.

Jonathan Goulding
Print Name Clearly

Signature

**Consent to Become Plaintiff**
**In a Wage and Hour Overtime Lawsuit**

I hereby consent to be a party plaintiff in a lawsuit under the Fair Labor Standards Act concerning my employment with the City of Ceres to recover unpaid overtime compensation and other relief.

_Jeremy Hackett_
Print Name Clearly

_Signature_

**Consent to Become Plaintiff**
**In a Wage and Hour Overtime Lawsuit**

I hereby consent to be a party plaintiff in a lawsuit under the Fair Labor Standards Act concerning my employment with the City of Ceres to recover unpaid overtime compensation and other relief.

CARLOS HAMPTON
Print Name Clearly

Signature

## Consent to Become Plaintiff
## <u>In a Wage and Hour Overtime Lawsuit</u>

I hereby consent to be a party plaintiff in a lawsuit under the Fair Labor Standards Act concerning my employment with the City of Ceres to recover unpaid overtime compensation and other relief.

JONATHAN MCMANUS
Print Name Clearly

Signature

**Consent to Become Plaintiff**
**In a Wage and Hour Overtime Lawsuit**

I hereby consent to be a party plaintiff in a lawsuit under the Fair Labor Standards Act concerning my employment with the City of Ceres to recover unpaid overtime compensation and other relief.

VINCE R. MILBECK
Print Name Clearly

Signature

**Consent to Become Plaintiff**
**In a Wage and Hour Overtime Lawsuit**

I hereby consent to be a party plaintiff in a lawsuit under the Fair Labor Standards Act concerning my employment with the City of Ceres to recover unpaid overtime compensation and other relief.

_Jeffrey Serpa_
Print Name Clearly

Signature

## Consent to Become Plaintiff
## In a Wage and Hour Overtime Lawsuit

I hereby consent to be a party plaintiff in a lawsuit under the Fair Labor Standards Act concerning my employment with the City of Ceres to recover unpaid overtime compensation and other relief.

Dominic Silvio Magnuula

Print Name Clearly

Signature

## Consent to Become Plaintiff
## In a Wage and Hour Overtime Lawsuit

I hereby consent to be a party plaintiff in a lawsuit under the Fair Labor Standards Act concerning my employment with the City of Ceres to recover unpaid overtime compensation and other relief.

Joseph Spani

Print Name Clearly

Signature

## Consent to Become Plaintiff
## <u>In a Wage and Hour Overtime Lawsuit</u>

I hereby consent to be a party plaintiff in a lawsuit under the Fair Labor Standards Act

concerning my employment with the City of Ceres to recover unpaid overtime compensation and

other relief.


CHRISTOPHER STEENBURGH
Print Name Clearly


Signature

## Consent to Become Plaintiff
## In a Wage and Hour Overtime Lawsuit

I hereby consent to be a party plaintiff in a lawsuit under the Fair Labor Standards Act concerning my employment with the City of Ceres to recover unpaid overtime compensation and other relief.

DAVID STEENBURGH
Print Name Clearly

Signature

## Consent to Become Plaintiff
## <u>In a Wage and Hour Overtime Lawsuit</u>

I hereby consent to be a party plaintiff in a lawsuit under the Fair Labor Standards Act concerning my employment with the City of Ceres to recover unpaid overtime compensation and other relief.

RANDY D. SULLIVAN
Print Name Clearly

Signature

**Consent to Become Plaintiff**
**In a Wage and Hour Overtime Lawsuit**

I hereby consent to be a party plaintiff in a lawsuit under the Fair Labor Standards Act concerning my employment with the City of Ceres to recover unpaid overtime compensation and other relief.

Mike Miller
Print Name Clearly

*Michael Miller*
Signature